**THE MERCHANTS BANK,**
**Counterclaim Defendant–**
**Appellee,**

v.

**PASQUALE and VATSALA VESCIO,**
**Counterclaim Plaintiffs–**
**Appellants.**

**Docket No. 01–5079.**

United States Court of Appeals,
Second Circuit.

Dec. 20, 2002.

**514**

John H. Henn, Foley Hoag, LLP, Boston, MA (Lawrence H. Martin, Foley Hoag, LLP, Boston, MA; Scot L. Kline, Eggleston & Cramer, Ltd., Burlingon, VT, on the brief), for Counterclaim Defendant–Appellee.

Lisa Chalidze, Castleton, VT, for Counterclaim Plaintiffs–Appellants.

Present WILFRED FEINBERG, MESKILL, GUIDO, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Pasquale and Vatsala Vescio appeal from a judgment of the United States District Court for the District of Vermont (Sessions, J.), which found that the Vescios' counterclaims against the Bank were without merit and entered judgment in favor of the Bank.

The Bank had initiated foreclosure proceedings against the Vescios in state court in 1995, and the Vescios countersued on various contract and tort theories. In 1996, the Vescios filed for bankruptcy, and they removed the state court proceedings to federal court as an adversary proceeding in their bankruptcy case, which had been automatically referred to the Bankruptcy Court for the District of Vermont. *See* 28 U.S.C. § 157(a) (providing for automatic referral of bankruptcy-related cases to the Bankruptcy Court). The Vescios and the Bank agreed to waive a trial by jury, and in the same proceeding also consented to the jurisdiction of the United States Bankruptcy Court to enter a final order in the case. After twenty-nine days of trial, spread over a 14–month period, both sides rested, and the matter was submitted to the bankruptcy court judge for decision.

Before the court issued its findings of fact and conclusions of law, however, the judge recused himself from the case. Upon a motion from the Bank, unopposed by the Vescios, the district court then withdrew reference to the bankruptcy court, and stated its intention to proceed in

accordance with Fed.R.Civ.P. 63.[1] More-over, finding that the Vescios' previous waiver of a jury trial was and remained effective, the judge denied their motion for a trial by jury.

He began his review of the record, and asked the parties to submit information about the live witness they intended to call. Before that trial was held, however, the Vescios and the Bank agreed to a "Stipulation to Submit Case on the Merits Without Recall of Any Witnesses or Submission of Further Evidence." In the Stipulation, the parties agreed

> to submit this matter to the Court for decision on the merits based on the existing record and the existing briefs and memoranda, as they were presented to or filed with the Bankruptcy Court prior to the withdrawal of the reference therein....

> ... [and to] waive any right or request for the recall or further testimony of any witness who has already testified, and for the calling to testify of any other person.... Most relevant here, the parties also agreed that

> [i]n recognition of the Vescios' acceptance of the Bank's offer to pay the amount set forth below in this Paragraph 5 in order to forego live witnesses and further discovery ... and have this case submitted to the Court on the written record, *the Bank, in consideration of this Stipulation, and for the sole purpose of avoiding a further trial* at a location remote from it and its counsel,

> ... *has agreed to make a payment to the Vescios of $195,000* ....

(emphasis added). The district court approved the stipulation and, in due course, issued its findings of fact and conclusions of law. The court found the Vescios' counterclaims without merit, and awarded judgment in favor of the Bank.

The Vescios now appeal, making several arguments to the effect that the district court should not have proceeded to decide the case itself on the written record, without a jury and without hearing the live testimony of witnesses. We need not address these arguments in detail, however, because they are foreclosed by the Stipulation, in which the Vescios unequivocally, with the advice of counsel, and in consideration of a payment of $195,000, consented to the procedure by which the district court decided the case. Such a stipulation is binding, *see United States ex rel. Reilly v. New England Teamsters & Trucking Indus. Pension Fund,* 737 F.2d 1274, 1278 (2d Cir.1984) (absent extraordinary circumstances a stipulation is binding on the parties), and one party is not entitled to withdraw from such an agreement unilaterally. *Id.*

We have considered all of Appellants' other claims, including their assertion that the district court abused its discretion in denying their motion for a mistrial and their claim that their rights were violated by certain communications between the bankruptcy judge, the Second Circuit Executive's Office, and Appellee and its counsel, and find them meritless. We there-

---

1. Fed.R.Civ.P. 63 states as follows:

   If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

fore AFFIRM the judgment of the district court.